**BENAVIDES v. STATE.** (No. 12575.)

Court of Criminal Appeals of Texas. May 22, 1929.

W. Joe Bryan, of El Paso, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, willfully refusing to support and maintain wife and children; punishment, a fine of $50.

The testimony of only two witnesses appears in the record, that of appellant and his wife. His wife testified that they had been married seven years, had four children, the oldest six years old; that appellant was at work; that she got food from her cousin; that appellant did not always contribute to their support, but did sometimes; and that she had no property or anything. The appellant did not deny the marriage, apparently admitting his paternity of the children, but claimed that he gave all that he could afford to give.

■■ On motion for new trial both of the parties again appeared and gave testimony, the effect of which was an attempt to show their relations adulterous and their marriage invalid, each testifying that they had never been in fact married, but had been living together as man and wife for seven years and holding themselves out as such. We gather that the appellant is contending that the evidence is insufficient to bring the appellant within the terms of the Penal Code (Pen. Code 1925, § 602) defining the offense for which he was prosecuted. Without detailing the evidence on motion for new trial, we regard it as sufficiently raising an issue that such testimony was collusive, untrue, and purposely given to avoid the effect of the judgment of conviction herein. Under such circumstances the court did not abuse his discretion in refusing appellant's motion for new trial. We say this much without specifically deciding the question of whether or not, if true, it would be sufficient to avoid the effect of the judgment of conviction. The specific matter is not within the exact terms of article 753, Code Cr. Proc. 1925, setting out the causes for which a new trial will be granted in felony cases and is a matter, we think, which clearly would address itself to the sound discretion of the court, whose judgment will not be disturbed on appeal in the absence of a showing of an abuse of discretion. See notes to article 753, Vernon's Code Cr. Proc. 1925.

Believing the evidence sufficient and no errors appearing in the record, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.